**BRIAN G. WOLF (BAR NO. 135257)**
**HENRY L. SELF III (BAR NO. 223153)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: bwolf@lavelysinger.com
         hself@lavelysinger.com

Attorneys for Plaintiffs
ROBERT J. MARDEROSIAN
and ARON M. MARDEROSIAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ROBERT J. MARDEROSIAN, an individual; and ARON M. MARDEROSIAN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DAYMAK INC., a Canada corporation; and DOES 1–10, inclusive, <br><br> Defendants. | CASE NO. 2:17-cv-02519 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN (collectively, "Plaintiffs") allege as follows:

**PARTIES**

1. Plaintiff Robert J. Marderosian is, and at all times relevant hereto was, an individual residing in the County of Los Angeles, State of California and doing business within the County of Los Angeles, State of California.

2. Plaintiff Aron M. Marderosian is, and at all times relevant hereto was, an individual residing in the County of Los Angeles, State of California and doing business within the County of Los Angeles, State of California.

3. Plaintiffs are informed and believe and based thereon allege that defendant Daymak Inc. ("Daymak") is, and at all times relevant hereto was, a Canada corporation doing business in the State of California, with offices in Palo Alto.

4. Plaintiffs are presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and Plaintiffs' damages were proximately caused by their conduct. Hereinafter, all defendants including Doe defendants will sometimes be referred to collectively as "Defendants."

5. Plaintiffs are informed and believe and based thereon allege that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.

6. Plaintiffs are informed and believe and based thereon allege that the officers, directors and/or managing agents of the business entity Defendants authorized, directed and/or ratified the wrongful acts of the employees and representatives of said Defendants and, consequently, all of said Defendants are jointly and severally liable to Plaintiffs.

## JURISDICTION & VENUE

7. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, based on acts of copyright infringement committed in the United States. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred.

## FACTS

9. Plaintiffs are renowned television, video game and motion picture score, soundtrack and trailer composers and musical artists, professionally known as "Heavy Young Heathens." As Heavy Young Heathens, Plaintiffs have written and recorded music for many premiere entertainment productions via major movie studios, networks and advertisers around the world.

10. Among many other commercial uses of Plaintiffs' musical recordings, Plaintiffs have had their work featured in such recent theatrical motion pictures as *Rules Don't Apply*, *Masterminds* and *Supermensch*, as well as prominent trailers for the motion pictures *The Magnificent Seven*, *Deadpool*, *The Amazing Spider-Man* and *The Expendables 2*. Plaintiff's music has additionally been used in numerous television programs such as *The Simpsons*, *CSI*, *Lucifer*, *Jersey Shore*, *Punk'd* and ESPN's *30 for 30*, and commercials for Starbucks, Chrysler, Dodge, Ford, Bacardi, Adidas and Red Bull.

11. In or around 2013, Plaintiffs jointly wrote and recorded an original musical work titled "Cut Lip." Plaintiffs are the sole and exclusive authors of "Cut Lip," and are the sole and exclusive copyright holders of the musical composition and sound recording thereof.

12. Commencing in or around December 2014 and continuing thereafter, Defendants published — among potentially other places — online at https://www.youtube.com/watch?v=o2V3jeYoq-c a promotional video advertising defendant Daymak's line of Beast motorized vehicles (the "YouTube Commercial"). Defendants' YouTube Commercial copied and incorporated therein nearly a full minute (the entire length of the video) of Plaintiff's musical recording and composition "Cut Lip," without Plaintiffs' permission or knowledge. Defendants' unauthorized commercial use and reproduction of Plaintiff's "Cut Lip" composition and musical recording continued up to March 2017. Plaintiffs are informed and believe and based thereon allege that the YouTube Commercial has been viewed more than 50,000 times since its publication, including by many viewers in the United States and in the State of California.

13. Plaintiffs applied to the United States Copyright Office to register their sound recording and composition of "Cut Lip" on or about August 7, 2016 and March 28, 2017, respectively.

## CLAIM FOR RELIEF

### (For Copyright Infringement Against All Defendants)

14. Plaintiffs incorporate each and every allegation contained in Paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. As described above, beginning in or around December 2014 and continuing until March 2017, Defendants unlawfully and continuously used, copied and reproduced Plaintiffs' proprietary musical works (*i.e.*, the "Cut Lip" composition and sound recording), *inter alia*, as part of their unauthorized YouTube Commercial.

16. At no time have Plaintiffs consented to Defendants' unlawful conduct described herein.

17. Defendants' copyright infringement has been and continues to be intentional, willful and with full knowledge of Plaintiffs' rights.

18. By reason of Defendants' infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their ownership rights in their copyrighted works.

19. Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, their successors, assigns, licensees, agents, representatives and all persons acting in concert with them from engaging in additional such acts of copyright infringement.

20. Plaintiffs are further entitled to recover from Defendants the damages sustained by Plaintiffs as a result of their acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damage they have suffered by reason of Defendants' acts of copyright infringement, but reasonably believe those damages to be in excess of $75,000.

21. Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts of copyright infringement, the full extent of which Plaintiffs are at present unable to ascertain.

22. Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each act of copyright infringement by Defendants.

23. Plaintiffs are further entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

5
COMPLAINT FOR COPYRIGHT INFRINGEMENT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For a temporary restraining order, preliminary and permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from further infringing Plaintiffs' works;

2. For actual copyright infringement damages and Defendants' profits or statutory damages in an amount to be determined at trial;

3. For their attorneys' fees, as provided by law;

4. For costs of suit herein;

5. For interest on the above-requested damages and profits at the maximum legal rate as provided by law; and

6. For such other and further relief as the Court deems just and proper.

Dated: March 31, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: _____/s/_____
          BRIAN G. WOLF
Attorneys for Plaintiffs
ROBERT J. MARDEROSIAN
and ARON M. MARDEROSIAN

//
//
//
//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Plaintiffs ROBERT J. MARDEROSIAN and ARON M. MARDEROSIAN hereby reserve their right to a trial by jury on all issues so triable.

Dated: March 31, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By: /s/
    BRIAN G. WOLF
Attorneys for Plaintiffs
ROBERT J. MARDEROSIAN
and ARON M. MARDEROSIAN